Jr. Mr. Fischer, ready to proceed? Good morning, Your Honors. May it please the Court, I am Assistant Attorney General Garson Fischer from the U.S. Department of Justice. Thank you, Mr. Fischer, from the Office of the Illinois Attorney General, for the appellant in this case, Director Roger Walker. After direct appeal, Illinois provides a prisoner a diverse menu of vehicles for collateral attack against his conviction and sentence. There's Section 214.01 of the Civil Practices Act. There are post-conviction petitions for constitutional claims. And where a prisoner has a claim that he has not and could not have brought in a prior proceeding, there are even successive post-conviction petitions. All of these vehicles are limited by rules of timeliness, successiveness, forfeiture, res judicata. And as this Court has said, these limitations balance the prisoner's interest in vindicating his claim against society's interest in the finality of criminal convictions. And then there's habeas, which is an extraordinary remedy that has virtually no procedural bars. Habeas exists only to correct the very specific situation in which a person is illegally deprived of his liberty. In other words, detained with no authority. And that means something more than mere legal error at trial, even of a constitutional magnitude. Habeas requires either that the trial court have had no jurisdiction or that there be some post-conviction occurrence entitling the defendant to immediate release from prison. There are some policy arguments why this should be so. As mentioned, there are essentially no restrictions on the number and timing of habeas complaints. This is because the old great writ, as this Court discussed many years ago in Cassidy, existed to correct the very specific and never acceptable circumstance in which someone is illegally deprived of his liberty. To open this vehicle, unbound by restrictions on successiveness and timeliness to any claim attacking the way in which a prisoner was tried and sentenced would destroy the balance between a prisoner's interest in vindicating his right and society's interest in finality. In this case alone, the prisoner has filed a direct appeal, a petition for relief from judgment, and three separate habeas complaints. Petitions for relief from judgment under Section 214.01 and post-conviction petitions allow prisoners to raise a much broader array of claims, but they are limited by more stringent restrictions on timeliness and successiveness. And as this Court recognized in Flores, they also include narrow exceptions to their procedural limitations to allow a prisoner to bring a valid claim that he has not and could not have previously advanced. Thus, the scheme as a whole allows a prisoner to vindicate any claim, but the procedure is limited, whereas the claim that one's detention is illegal may be brought free from these limitations. Contrary rule would mean that an Illinois criminal conviction is never final. Contrary rule would also be contrary to the plain and unambiguous language of Article 10, which states that a prisoner may be discharged only if an event has taken place entitling him to release. At the time a prisoner filed his habeas complaint and the state its motion to dismiss, no such event had yet taken place. Allowing a habeas court to create this post-conviction event and adjudicating the merits of the prisoner's conviction would create a new and open-ended collateral attack on convictions. Broadening habeas in this way would not only run contrary to the unambiguous language of Article 10, but also this Court's precedent in Gosher interpreting the language of Article 10. As this Court held in Baker and Barney, habeas is not a substitute for direct appeal and it cannot be used to correct errors that might have occurred at trial, even ones that affect constitutional rights. Now, this Court has held and recently affirmed in Brown, for example, that a void sentence may be challenged at any time. However, the right vehicle must be used. Habeas is reserved for cases where, to use this Court's language from many years ago, the judgment is absolutely void, which this Court in Lewis v. Fry described as a case where the trial court lacked personal or subject matter jurisdiction. Contrary to the prisoner's argument, his accumulation of good conduct credit in this case does not constitute a post-conviction occurrence that would satisfy the requirements of a habeas complaint. Even under the prisoner's erroneous view, these credits only entitle him to immediate release if his consecutive sentence for attempt murder is found to be invalid. Contrary to the prisoner's argument, the alleged incorrectness of this consecutive sentence for attempt murder is not a factual allegation, but rather a legal conclusion, and thus it does not need to be accepted as true for purposes of a motion to dismiss. And as discussed, the validity of this legal conclusion is exactly the kind of determination that a habeas court is not empowered to make. Also, contrary to the prisoner's discussion of our argument, the State is not arguing that the prisoner has forfeited or waived his claims because he failed to raise them in a prior proceeding, but rather that these claims are never cognizable on habeas review. To the extent that any procedural bar, such as forfeiture, would now preclude consideration of prisoners' claims, were he to bring them in a different collateral attack, that could have been avoided had he properly raised his claims on direct appeal. The prisoner is also not entitled to habeas relief because he may be legally detained under his sentence until the year 2026. In determining whether a prisoner has a cognizable habeas claim, MSR is not subtracted from his maximum term, and good conduct credit is not counted in determining whether the time in which he may be legally detained has expired. This is demonstrated by the remedy that's available under habeas. Because the only remedy under habeas is immediate release from prison, seeking habeas relief when a prisoner may still be legally detained would turn the legal process on its head. Given the mandatory nature, I think, of the good time credit statute, would the defendant have a right to release, excepting that the 30-year sentence was void? Well, first, Your Honor, I believe that the merits of his claim would have to be determined in a proper proceeding. And then the appellate court ruled that the trial court should have made that determination. Once his, if there were merit to his claim, once his attempt murder sentence or the consecutive nature of the attempt murder sentence were found to be improper, DOC would have to determine the prisoner's new release date based on his accumulation of good conduct credit and his remaining sentence. Because the only remedy available under habeas is immediate release from prison, it would put the habeas court in a position of not only determining the merits of his claim, which would... Isn't he in a catch-22 now? I don't believe so, Your Honor. He could have challenged the appropriateness of his consecutive sentence in a 214-01 or to the extent that it raises a constitutional claim in a post-conviction proceeding. And if he had succeeded on his claim, DOC would have determined his new outdate based on the remaining sentence. There's no reason to suspect that if he had sufficient good conduct credit to entitle him to release that DOC wouldn't have reached that conclusion and released him. But if DOC reached a contrary conclusion and prisoner objected to that conclusion, he could have challenged an on-mandamus action as the defendant in Franzen did before this court. In this situation... So you wouldn't argue with the appellate court's ruling if he had titled his actions somewhat differently than he did? I believe that it's more than just a question of the title because actions that are allowed to challenge errors and constitutional errors in the way in which a defendant is tried and sentenced have restrictions, which this court in Szabo recognized existed because of the state's interest and society's interest in the finality of criminal convictions that limit the time and number of appeals and collateral attacks that can be brought. Habeas is something different. Habeas addresses only this one very narrow situation in which someone's detained with no authority, either because the trial court had no jurisdiction to convict them or because they're being detained beyond the duration of their sentence. Good conduct credits are analogous to MSR. When this court discussed MSR in Barney, it found that a prisoner remains in the legal custody of DOC during MSR because MSR may be revoked until its expiration. Similarly, a prisoner is entitled to good conduct credit and can't have good conduct credit revoked without proper proceedings in front of the Prisoner Review Board, and those determinations can be challenged in court through a mandamus action. But until a prisoner is released, he may be legally detained for the duration of his maximum sentence if those procedures are followed. Mr. Fisher, your position is that the 30-year sentence is at most voidable, right? Yes, Your Honor. The prisoners claimed that he had a pro se petition in which he claimed that his consecutive sentences violated one act, one crime. They don't, but even if they did, that would not make his sentence void, but rather voidable. And his amended complaint filed by counsel really just challenges the discretion of the judge to issue consecutive sentences and, again, would not render his conviction void. But even if it did render it void in the way in which a sentence that, for example, exceeds the statutory maximum creates a void sentence, that's not the kind of void sentence that can be challenged appropriately in habeas. And, again, the remedy available demonstrates that. Because the only remedy available is immediate release, the court is put in a position to make determinations that, by statute, are first set to the Department of Corrections and the Prisoner Review Board. The plain language of Article 10 also demonstrates that habeas relief is not yet available to prisoner. It states that a prisoner shall not be discharged unless the time during which he may be legally detained has expired. As mentioned, he was sentenced to 40 years imprisonment, which would, in this case, run until 2026, and thus may be legally detained for those full 40 years. Mr. Fisher, if I understand your arguments correctly, if we agree with you on the 30-year sentence, we don't get to the good conduct credit at all. Is that correct? I believe that there are several independent reasons that are sufficient to deny defendant habeas relief in this case. First, no post-conviction occurrence has yet occurred that would entitle him to his immediate release. He's asking the habeas court to create its own post-conviction occurrence. Second, the time during which he may be legally detained has not yet expired. Even accepting his allegations is true. And third, his claim would not actually, even if correct, and even if it could be brought in a habeas complaint, would not actually render his attempt murder sentence void. So, again, if we agree that the attempt murder sentence is not void, we don't get to the other issues, or am I short-cutting this too much? Your Honor, I think you're short-cutting it too much in that I think that the claim is not cognizable. So I believe that the motion to dismiss was properly granted by the circuit court on the ground that there was no post-conviction occurrence and that he had not yet served his maximum sentence before the merits of the claim, and whether it was void or voidable and so forth would have even been reached. Plaintiff cites, I think, Adcock v. Snyder, in which the appellate court held that habeas corpus is a proper proceeding for challenging the improper revocation of good time credits. How would you distinguish that in this case? I don't actually believe, Your Honor, that habeas is a proper vehicle for challenging that. I think that the vehicle pursued in Franzen is the proper vehicle, which was a mandamus petition. Again, the determination of a prisoner's proper outdate once good conduct credit would be reinstated would be something that DOC would have to conduct under the new circumstances that would exist at that time. And thus it would not be an appropriate case for habeas because the habeas court wouldn't have a proper remedy available to it to apply to the case. As mentioned, the prisoner would not be in a situation in this case where his good conduct credits would be revoked without due process and proceedings he could pursue. Franzen demonstrates that, a case that the defendant relies on. Franzen demonstrates that there are remedies that can be pursued even in the absence of habeas. And, in fact, that's true in the bigger picture, too. The system as a whole balances these interests of allowing a prisoner to vindicate any valid claim as long as he brings it at the proper time and place and against the state's interest in eventually having some finality on its criminal convictions. To allow habeas courts to create their own post-conviction occurrences or to consider a habeas complaint before the time during which a prisoner may be legally detained has expired would be to create a new open-ended collateral attack on convictions. This would go against the plain, unambiguous language of Article 10 as well as sound policy considerations. They restrict habeas to situations in which a prisoner is illegally detained of his liberty. In other words, where the trial court was without jurisdiction or where some event has occurred since trial that entitles the prisoner to his immediate release. Habeas is not an appropriate vehicle for any other claims, including the ones that are raised by this prisoner. Unless the court has any further questions for these reasons as well as those stated in the state's brief, the state respectfully requests that the court reverse the judgment of the Appellate Court of Illinois 4th District and reinstate the Circuit Court of Livingston County's judgment dismissing the prisoner's habeas complaint. Thank you, Mr. Fisher. Ms. Mavroth-Alasitas, how did I do? I got it right? I got it right? That's a good start. Say it again for me just so I know for sure. Mavroth-Alasitas. Beautiful. All right. Good morning, Your Honors. May it please the Court, my name is Spiridula Mavroth-Alasitas here on behalf of Plaintiff Appellee Reginald L. Beecham. Now, the 4th District was correct in ruling that Mr. Beecham had properly stated a claim for habeas corpus relief. First, Mr. Beecham has earned enough good conduct credits to be immediately releasable. The state's argument that good conduct credits should be ignored in a habeas action contravenes all statutory and case law authority. Does the good conduct credit and the MSR, both of those be revoked by the state? Both of them are revocable. However, the fact that MSR is revocable is inapplicable to this situation regarding good conduct credits. MSR is actually considered to be a period of term where a prisoner is still in confinement or under custody of the Department of Corrections. Good conduct credits, however, is a period of term which would eliminate the period of imprisonment. And in this case, Mr. Beecham has alleged that he has actually accumulated enough good conduct credits to surpass the amount of time that he should be imprisoned in addition to the three years of any additional mandatory supervised release. So even though they're revocable, they're two totally different things. If they're revocable, then can release be considered certain in this case in the event of the 30-year sentence being void? With respect to the revocability of good conduct credits, there are specified procedures and the rules and regulations of the Department of Corrections which must be followed before those can be revoked. For example, the DOC can't step up tomorrow and say, well, we're going to revoke all of his good conduct credits. There must be a basis for doing so first. And in addition, any disciplinary report must have been filed within 14 days so they can't go back in time. Even with that possibility, is release certain here in the event the 30-year sentence is considered void? Yes, release is certain here because he has alleged that he has enough good conduct credits. They have not been revoked. There's no basis to assume that they have been revoked. So release would be certain based on the allegations that he has accumulated enough good conduct credits. Which question has to be answered first? Whether the 30-year sentence is void or whether the plaintiff has sufficient good time credit for release? Well, in this situation, because the 30-year sentence is void, it shouldn't even be at issue. It should be really the issue is whether good conduct credits are applicable. And certainly the state makes a big point of the fact that good conduct credits should not be considered on a habeas claim. Of course, it appears that that would be something that would have to be developed at the trial level. Just based on petitioner's amended petition and allegations that his good conduct credits, I mean, that his consecutive sentence is void, would basically take that outside of the realm of being able to determine it at this point. So how certain is release when he files it, when he's filed it, when all these questions remain? Well, that's the thing that has to be developed in the record. Unfortunately, based on the record we have, it would be released, it would be certain because his consecutive sentence is void. It was imposed without following or conforming to the sentencing statute, which was in effect at the time. There was no indication in the record for the rationale why consecutive sentence was imposed. And that statute, the sentencing statute at the time basically states that the court shall not impose a sentence or impose a consecutive sentence unless the basis for such imposition has been, or shall, the basis for that imposition shall be set forth in the record. So because there's noncompliance with that sentencing statute, and even in a case cited by the state, people v. Hauschild, nonconformance with sentencing statute would render it void. But isn't this turning the habeas corpus into a wide-ranging appellate review? Well, in this situation there are definitely extenuating circumstances that would make this an instance where there are overriding considerations to be considered. For example, there's this issue of the multiple convictions based on one crime. And there's this issue of the noncompliance with the sentencing statute. However, this court has exercised authority, and other courts have recognized that the habeas corpus statute is somewhat flexible when necessary to avoid certain injustices. Even in the case cited by the state, Baker v. DOC, which involved the determination of a number of meritorious good conduct credits that could be given to a prisoner. Even in that situation, it didn't fall quite within the bounds of the specific enumeration of the sentence. There were numerous enumerated instances of discharge under Section 10-124. However, the court still decided to reach that issue. First, the court did say that habeas is not a substitute for appeal. However, the court made the decision to reach that issue regardless. And there are other instances in which courts have extended, or perhaps reached to other areas, such as the statute of limitations. And this is the court's supervisory authority when the circumstances merit that. The state argued, and I think cited, authority that says habeas is a remedy available only if the court of conviction lacked jurisdiction, either subject matter or personal, or at some event subsequent to conviction entitles the defendant to immediate release. That sounds like the petition for the writ of habeas corpus or the complaint would have to allege, in fact, that something happened incorrectly at the time of conviction, or something has already happened. It seems, in this case, the appellate court is directing the trial court to determine if something should happen. And I think it's the state's argument, and also Justice Garmon touched on this, would this not significantly broaden the scope of habeas and allow petitions or complaints to be made? I mean, would it allow petitions or complaints at any time, in any amount, at any number, to raise issues that maybe someone forgot to raise earlier? Well, if the state would have its way in determining whether good conduct credits would be applicable to habeas, that would severely restrict any habeas actions. For example, prisoners would be limited from bringing habeas actions until their full maximum term of imprisonment would be served. So that, I mean, that is the one extreme. In this situation, however, and I believe the state in their argument here suggested that perhaps application of good conduct credits would entitle someone to immediate release. That is not enumerated circumstances under 10-124. But it's still considered as a method of claiming immediate releaseability by a prisoner. And in addition, this court has reviewed on habeas, and other Illinois courts have reviewed on habeas claims that a statute is unconstitutional, for example, even though that itself is not one of the enumerated circumstances under 10-124. So there is the overriding concern of opening it up, opening the doors to bringing a number of potential claims. Of course, there have been the limited circumstances where there have been certain concerns where the court has addressed on habeas these other issues. And in addition, perhaps if the state had taken the, perhaps if the onus was on the state in the first place to try to make sure that they closed any potential gaps that might have been there to begin with, maybe this wouldn't be here before the court. So it's really not fair for Mr. Beacham to have to now open the doors to bringing a number of potential claims. And to face potential additional 30 years of imprisonment, and also claims by the state that he can't even count his good conduct credit towards his release date on a habeas action. It seems to me the state is arguing that the plaintiff, the plaintiff Beacham here, should have to first establish that the 30-year sentence is void. And if he has that, and then can make the allegations based on the good conduct credit that he would be entitled to release, then this perhaps would be a proper procedure. How do you respond to that? Well, if that is what the appellate court felt, and that is why they remanded it. They reversed and remanded it to the circuit court so that that determination can be made. Based on the record, there was a possibility that, according to the appellate court, that the 30-year conviction was void. And based on the fact of other language and other cases by this court, when there is nonconformance with statutory language, the sentence is void. Now, of course, the court, of course, the state is a proponent of the broad use of the term void when it means in position of a harsher penalty, as in people v. Hauschild. In that case, the state argued that sentence was void because the court had not adhered to the mandatory language of a statute regarding enhancement of a sentence. But now here, where the reverse scenario is at issue, and there's possibility of a lesser term, now suddenly the word void no longer has the same meaning. So, obviously, there are circumstances where, and in this case, Mr. Beacham has alleged that his sentence is void. And he has set forth the factual basis. He doesn't just set forth the legal conclusion. He actually, in his amended petition, which is on the record at C-70, sets forth the statutory language and sets forth the basis for his argument that his conviction, consecutive sentence is void. In addition, sets forth other factual allegations that his, that his, he's been convicted twice for the same crime, and the state can't argue that that was not an error as well. The Brown case held, counsel, that where the court imposes an excessive sentence based on a mistake of fact or law, the sentence is merely voidable and the error can be waived. Does that impact your argument at all? It appears that the term void and voidable have been used interchangeably in courts. However... If that was the case, the arguments raised by Beacham in the petition, even if accepted as true, do involve mistakes of fact or law, right? Not an argument that the sentence was beyond the statutory range authorized by statute. Well, in People v. Housechild, there the language was that a sentence is void if it fails to conform to statutory requirements. That was a 2007 case of this court, and if you base it on that language, the sentence would be void. So perhaps in some instances there, I mean, I can't reconcile that, the difference in that language. However, in this case, Mr. Beacham contends that his sentence is void, and that there happens to be this gray area, perhaps, or flexibility in some instances where the court has reached the constitutional issues. If we believe the analysis of Brown applies, and if we believe that the petition asserts a mistake of either fact or law, then from the face of the petition, this court and the appellate court could have made a resolution and there'd be no reason for a remand, right? I understand that's not your position. Right, right. Perhaps if the court felt that the consecutive sentence was void, he wouldn't have a reason to address the good conduct credits? Well, I'm just saying, we were talking about the remand before, and the appellate court finding the necessity of remand to make a determination. Oh, so if the trial court determines that it was not void? If this court determines that from the face of the petition we can decide whether it's void or voidable, then the appellate court could have done the same thing. There would be no reason for a remand by the appellate court for a determination as to whether it was void. If that determination could have been made from the get-go, from the facts raised in the petition. Right. Well, clearly the appellate court felt that based on the facts in the petition, that there was a sufficient possibility of considering the consecutive sentence void. Of course, what it did say is it didn't have enough of an underlying record to be able to actually evaluate it on the merits. I feel like I've gone through most of my arguments here. I've already discussed how the state has ignored the flexibility in invoking habeas corpus statutes and how even the state's own cases that it cites for the proposition that habeas corpus is not a vehicle, is not a substitute for appeal, even in those cases the courts have gone on to review the merits of the claim. Even in Taylor v. Cohen, the Fifth District decision which the state has relied upon in which that court determined that maximum sentence must be expired, even in that decision the court went on to review the validity of the statutory challenges and claims that the petitioner there had made. So in summary, defendant's underlying basis for its motion to dismiss is that Mr. Beauchamp has not served his maximum possible sentence. And we know that argument to be untenable. However, the state wants to play it both ways. They want to advance on the one hand unsupported arguments which clearly do not fall within the statutory construct, such as the argument that good conduct credit should not be applied. However, on the other hand, the state wants to argue that a statute must be strictly construed when it comes to the term void. And as already discussed, even in cases cited by the state, where overriding considerations are an issue for just and fair result, the court has addressed those issues. Furthermore, the state does not dispute Mr. Beauchamp's factual allegations that he has earned enough good conduct credits to overcome his sentencing term and his MSR period, nor do they dispute the factual allegations underlying the argument regarding consecutive sentence. And for these reasons, and all the reasons in the brief, we respectfully request that this honorable court affirm the appellate court decision and remand it for a determination on its merits. Thank you, Ms. Mebroth. Thank you, Your Honors. I don't disagree that there has perhaps been some imprecision at times between the use of the term void, voidable, or even an earlier term that was often used in connection to habeas, absolutely void. However, it doesn't matter in this case, because the claims raised by the prisoner in this case are simply not cognizable under habeas for two reasons. One, because he has not yet served his maximum sentence. But two, and this is related to that, because there has been no post-conviction occurrence that would entitle him to his immediate release. And though, indeed, a void sentence can be challenged at any time, the proper vehicle is necessary. And in fact, Housechild provides a perfect example of that, because in Housechild, while this court did hold that the defendant's sentence was void,  but rather a proper sentence under the statutory guidelines that should have been in place at the time that he was sentenced, which is, of course, not a remedy available under habeas. To answer a question Justice Freeman asked, the determination of whether a prisoner has accumulated enough good conduct credit to be entitled to his immediate release if only his murder sentence remained is one that hasn't been made yet by the Department of Corrections, because that's not the situation that they are currently confronted with. And also, the plain language of Article 10 further points to the need to wait until the maximum sentence has been served because of the use of the term may. Also, in argument, the prisoner discusses the voidness of his sentence as if it's a factual allegation against the state's position that it is not, that that is, in fact, the legal conclusion that would be necessary to receive relief under any collateral attack against his conviction. Thus, it doesn't have to be accepted as true for purposes of this appeal. And as discussed in the people's briefs, this was not two convictions based on one crime. The defendant in this case shot two people, killing one of them, injuring the other, which this court has discussed and does not create a one act, one crime problem. The prisoner mentioned Baker and the fact that after discussing the fact that in this case, this court, of course, has supervisory authority to do things that other courts in the state of Illinois are not empowered to do. In keeping with that, and to follow up on what Chief Justice Thomas asked about whether or not there is sufficient information in the record for this court to make a determination of whether or not that sentence is void. And keeping in mind judicial economy and the fact that this defendant sits in jail and may be eligible for immediate release. It's, I believe that there are sufficient facts in the record to determine the question of whether there's a one act, one crime violation. I don't necessarily know that there's sufficient evidence in the record for this court to determine the discretionary, the abuse of discretion argument. In part because I don't know that the record's been sufficiently developed. In part because if this claim were brought in a proper vehicle such as post conviction or 214-01, there would be various claims of forfeiture and waiver and so forth that would have to be, that would have to be considered and that haven't been briefed by either party here. But additionally there are these two other grounds that make the claim in the state's opinion not cognizable for consideration under habeas complaint at all. But any of those three grounds would in fact be sufficient reasons for this court to find that the prisoner was not entitled to his habeas relief. Justice Carmeier, in answer to a question that you asked, I think it's important to look at the plain language of Article 10, Section 10-124 which specifically says that an event has taken place subsequent to conviction which the state's position is does in fact require that the event has already occurred when the habeas complaint is filed and does not allow for the possibility of a habeas court creating its own subsequent event to create a habeas relief. Situations where the unconstitutionality of a statute might entitle a prisoner to habeas relief such as if there's a single subject violation, another court in a proper vehicle would have to make the determination first that the statute was unconstitutional and further that there was not a statute that the law might fall back to that would create a different sentencing structure in which the person might not be entitled to immediate release. Again, the remedy makes clear that only after that event has already occurred, a court determining that a statute is unconstitutional and that people who were sentenced under it are in fact entitled to immediate release would habeas be appropriate. The proper course of proceedings in the prisoner's case would, of course, have been to challenge his consecutive sentence using an appropriate vehicle, whether it's 214-01, perhaps most appropriately in this case, direct appeal. And then if, based on success on one of those collateral attacks, Department of Corrections had incorrectly determined that the prisoner wasn't entitled to relief, the prisoner had sought mandamus, the court had agreed with the prisoner and still the DOC would not release him, then habeas is that remedy that addresses that never acceptable situation where the prisoner is now held with no authority. I believe that covers all of the state's remaining points. The court has no further questions. Thank you, Mr. Fischer. Thank you, Mr. Othellosidis. Case number 104-176, Reginald L. Beecham v. Robert E. Walker, Jr. is taken under advisement as agenda number two.